UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AURELIA NELMS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| JEAN MADSEN KRAMER, | § | SA-5:10-CV-627 OG |
| AS EXECUTOR OF THE ESTATE OF, | § | |
| ANNA LOUISE MADSEN, | § | |
| | § | |
| Defendant. | § | |
| | § | |

REPORT AND RECOMMENDATION

TO:   Honorable Orlando L. Garcia
      United States District Judge

Pursuant to the order of referral of the above styled and numbered cause of action to the undersigned United States Magistrate Judge and consistent with the authority vested in United States Magistrate Judges under the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of the Local Rules for the Assignment of Duties to United States Magistrate Judges in the Western District of Texas, the following report addresses the defendant's motion to abstain and transfer.[1] This report recommends denying the motion.

**Plaintiff Aurelia Nelms filed this case, claiming a violation of the Fair Labor Standards Act (FLSA)**. Relevant here, the FLSA entitles certain employees to overtime pay.[2] Aurelia was employed as a domestic worker and care-giver for decedent Anna Louise Madsen. Anna lived in Kerr County, Texas. Aurelia worked for Anna from May 2008 until Anna's death on April 27, 2010.

---

[1] Docket entry # 4.

[2] *See* 29 U.S.C. § 207.

Aurelia alleges that Anna did not pay her overtime pay.

Anna's will was admitted to probate in county court in Kerr County, Texas, on April 29, 2010.  Anna's daughter—defendant Jean Madsen Kramer—is the executor of Anna's estate.  After Anna's will was admitted to probate, Aurelia sued Jean—as the executor of Anna's estate—in this court for unpaid overtime compensation.  Jean answered and asked the court to abstain from exercising jurisdiction over Aurelia's federal question and to transfer the case to county court in Kerr County, Texas where Anna's will is being probated.[3]  Jean argued that because Anna's estate has been admitted to probate in Kerr County, this case should be transferred in the interests of justice and wise judicial administration, and to conserve judicial resources.  Jean submitted a Kerr County order admitting Anna's will to probate.[3]  Aurelia maintains the case can be handled more efficiently in this court because it presents a question of federal law.[4]

## "Abstention from the exercise of federal jurisdiction is the exception, not the rule."[5]

> "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."  "[I]t was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it."[6]

Federal courts have jurisdiction to entertain suits in favor of an heir or other claimant against a decedent's estate "so long as the federal court does not interfere with the probate proceedings or

---

[3] Docket entry # 4.

[3] Docket entry # 14, exh. A.

[4] Docket entry # 11.

[5] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

[6] *Colorado River Water Conservation Dist.*, 424 U.S. at 813-14 (1976) (citations omitted).

assume general jurisdiction of the probate or control of the property in the custody of the state court."[7] "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."[8] This rule reflects the general principle that "when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res."[9]

**The district court can exercise its jurisdiction over Aurelia's claim without interfering with property that is in the custody of the state probate court**. This case does not ask the district court to probate or annul Anna's will or to administer Anna's estate. Instead, Aurelia's complaint asks the district court to determine her entitlement to compensation under the FLSA and to award damages in the form of unpaid overtime pay, liquidated damages, attorney fees and costs. The FLSA provides for such damages from an employer who willfully violates an applicable FLSA provision. The complaint named Anna as Aurelia's employer. Because Anna is deceased, Aurelia must look to Anna's estate for an award. Anna's estate is in the custody of the Kerr County county court pursuant to the order admitting Anna's will to probate.[10] However, state custody of Anna's estate does not preclude the federal court from adjudicating Aurelia's claim. "[T]he probate exception . . . precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.

---

[7] *Markham v. Allen*, 326 U.S. 490, 494 (1946).

[8] *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) (clarifying the scope of the probate exception).

[9] *Marshall*, 547 U.S. at 311.

[10] *See Speer v. Stover*, 711 S.W.2d 730, 738 (Tex. App.—San Antonio 1986, no writ) ("In a probate matter, the probate court acquires jurisdiction over the deceased's property upon the opening of probate."); *Wybrants v. Lehman*, 307 S.W.2d 339, 341 (Tex. Civ. App.—Eastland 1957, writ refused n.r.e.) ("The probate court obtained jurisdiction of decedent's estate when the administration was opened.").

But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction."[11]

Applied here, the district court may adjudicate Aurelia's FLSA claim, but it may not interfere with the state court's possession of Anna's estate "'save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.'"[12] That is, Aurelia may be able to obtain a federal judgment that she has a valid claim against Anna's estate for unpaid overtime pay, but a federal court may not order payment of the judgment from Anna's estate because to do so would assume control over property under probate.[13] The district court is limited to adjudicating the validity of Aurelia's claim, leaving Aurelia to assert her federal judgment in the probate court.[14] To the extent

---

[11] *Marshall*, 547 U.S. at 311-12.

[12] *Marshall*, 547 U.S. at 310 (2006) (quoting *Markan*, 326 U.S. at 494).

[13] *Lefkowitz v. Bank of New York*, 528 F.3d 102, 106 (2d Cir. 2007) (The probate exception "ensures that certain matters are left to state courts to resolve and that no federal court will interfere with state courts' jurisdiction over those matters properly confided to them. This limited application of the exception also ensures that where exercise of federal jurisdiction will result in a judgment that does not dispose of property in the custody of a state probate court, even though the judgment may be intertwined with and binding on those state proceedings, the federal courts retain their jurisdiction.");

[14] *See Turton v. Turton*, 644 F.2d 344, 347 (5th Cir. 1981) ("Under the heading of 'establishing claims', for example, a creditor may obtain a federal judgment that he has a valid claim against the estate for one thousand dollars, or a devisee may obtain a declaratory judgment that a probated will entitles him to twenty percent of the net estate. What the federal court may not do, however, is to order payment of the creditor's thousand dollars, because that would be an assumption of control over property under probate. Similarly, the court may not find that the devisee's twenty percent share is worth $20,000, because it is the province of the probate court to determine the dollar amount of the net estate after liquidating assets and paying claims. Instead, the federal court is limited to declaring the validity of the asserted claims, leaving the claimants to assert their federal judgments as res judicata in the probate court."). *Accord F.T.C. v. J.K. Publications*, No. 99-00044, 2009 WL 997421, at * 3 (C.D. Cal. Apr. 13, 2009) ("[A] federal court properly adjudicates rights regarding property that is the subject of a probate proceeding so long as the federal court does not order the transfer of any property belonging to the probate estate. After the federal court adjudicates the property rights, the prevailing party can then seek enforcement of that judgment in the probate proceedings.") (citations omitted); *Hoffman v. Sumner*, 478 F. Supp. 2d 1024, 1034 (N.D. Ill. 2007) ("[E]ntering a judgment against the estate does not 'dispose of property' in the custody of a state probate court; it does not exercise jurisdiction over the estate's property. As the Supreme Court

Aurelia finds that helpful, she may proceed on her claim in federal court.

Courts sitting in diversity jurisdiction have reached a different result and applied the probate exception, reasoning that a state court is bound to honor a federal judgment reaching property in a probate estate.[15]  That approach does not fully appreciate a federal court's obligation to exercise

---

previously noted in *Markham*, and recognized again in *Marshall*, a federal court 'may exercise its jurisdiction to adjudicate rights' in property in possession of a state court 'where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.'"); *Livesay v. Carolina First Bank*, No. Civ. 1:06-CV-45, 2007 WL 1387992, at *3 (W.D.N.C. May 9, 2007) ("Although the Supreme Court prohibits the federal courts from essentially administering the probate process over an estate, the Court nevertheless allows federal courts to determine certain aspects of a probate estate, such as the rights of creditors in the estate, so long as the court's actions do not actually dispose of the estate or otherwise assume control over the property contained in the estate. [T]his is a 'grey area' of the law, as a determination of creditor's rights effectively opens the door for a particular distribution of the probate estate.  Nevertheless, the Supreme Court allows federal courts to determine mere legal matters such as the declaration of creditor's rights in an estate.").

[15] *See Balestra v. Balestra-Leigh*, No. 3:09-CV-00563-RCJ, 2010 WL 2836400, at * 5 (D. Nev. Jul. 15, 2010) ("Applying the Supreme Court's articulation of the probate exception, the Court concludes that the probate exception must cover the case at bar.  If the Court were to enter judgment for Petitioner declaring that she is a pretermitted spouse with rights to her intestate share of the estate, the Court would directly interfere with the probate proceedings by declaring the distribution of the estate amongst heirs, as opposed to tort or contract claimants.  The estate property would not remain in the exclusive control of the probate court, which would be [expected] to honor this Court's ultimate determination of inheritance rights."); *Beal Bank v. Galef*, No. 3:09-CV-1401, 2010 WL 1332461, at *4 (D. Conn. Mar. 31, 2010) ("In suing [the defendant] in her capacity as executrix, [the plaintiff's claim can be construed as a claim against the estate itself.  It therefore seeks to 'reach a res in custody of state court,' and is a 'purely probate matter.'  Because [the plaintiff's] claim against [the defendant] in her capacity as executrix triggers . . . the federal probate exception, that claim is dismissed."). *See also Butler v. Kosin*, No. 5:07-CV-003, 2009 WL 210721, at *4 (W.D. Va. Jan. 28, 2009) (in a case removed by the federal government: "[T]he court finds that the probate exception precludes this court from exercising jurisdiction over [the] counterclaim because it seeks relief that essentially 'endeavors to dispose of property with the custody of a state probate court.'  [The] counterclaim not only seeks a money judgment in the amount of the outstanding lease obligations, but it also seeks an order that avoids the allegedly fraudulent transfers and directs [the decedent's] estate to satisfy the obligations.  In essence, [the counter-claimant] asks this court to disgorge funds from the estate.  Because granting this relief would directly dispose of property within the probate estate, the probate exception precludes this court from exercising jurisdiction over [the] counterclaim.").

jurisdiction where jurisdiction exists.[16]  Here, the district court has jurisdiction over Aurelia's FLSA claim, and is obliged to exercise jurisdiction unless abstention would serve an important countervailing interest.  Jean has not identified an important countervailing interest.

**I recommend DENYING Jean's motion to abstain (docket entry # 4)**.  Jean's request—abstaining from jurisdiction—is the exception, not the rule.  The district court has jurisdiction over Aurelia's claim because it presents a question under the FLSA.  So long as the district court does not interfere with the state court's possession of Anna's estate, or order its judgment paid out of Anna's estate, the district court may proceed with this case.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[17]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall

---

[16] *Cohens v. State of Virginia*, 19 U.S. 264, 404 (1821) ("It is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should.").

[17] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

bar the party from a *de novo* determination by the district court.[18]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[19]

 **SIGNED** on March 3, 2011.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[18] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[19] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).