UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AURELIA NELMS, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| JEAN MADSEN KRAMER, § | SA-10-CV-627 NN | |
| AS EXECUTOR OF THE ESTATE OF, § | | |
| ANNA LOUISE MADSEN, § | | |
| § | | |
| Defendant. § | | |
| § | | |

**ORDER DENYING PARTIAL SUMMARY JUDGMENT**

This order addresses plaintiff Aurelia Nelms's motion for partial summary judgment. After considering the motion, the response, and the summary-judgment record, I deny the motion.

**Nature of the case**. Nelms was formerly employed as a domestic worker and care-giver for decedent Anna Louise Madsen. Relevant here, Nelms worked for Madsen from May 2008 until Madsen's death on April 27, 2010. Nelms filed this lawsuit after Madsen died, alleging a violation of the Fair Labor and Standards Act (FLSA).[1] As the defendant, Nelms named Madsen's daughter and executor of Madsen's

---

[1]Docket entry # 1.

estate—Jean Madsen Kramer.

Nelms alleged that Madsen did not pay her overtime pay. As a defense, Kramer relied on the FLSA's companionship exception.[2] Nelms moved for partial summary judgment on that affirmative defense.

Kramer responded to the motion for summary judgment, but she filed her response after the time provided by the Local Rules for responding.[3] Kramer asked for an extension of time. Kramer relied on "the logistical circumstance of filing affidavits from persons living in multiple states and the legal circumstances of a response requiring diligence and legal research."[4] Nelms objected to the late filing and complained that the delay in responding was within Kramer's control and that Kramer had not acted in good faith.[5]

Kramer should have sought an extension of time before the deadline for responding passed. Failing to do so is cause for admonishing Kramer's attorney about the need to comply with the Local Rules, but not to strike Kramer's response. I grant

---

[2]Docket entry # 5, p. 4.

[3]Local Rules for the Western District of Texas, R. CV-7 ("If any party opposes a motion, the respondent shall file a response and supporting documents as are then available within 11 days of service of the motion.").

[4]Docket entry # 27.

[5]Docket entry # 29.

Kramer's request for an extension of time (docket entry # 27). I will consider Kramer's response in considering Nelms's motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6]

**The companionship exception**. The FLSA entitles certain employees to overtime pay for work over 40 hours per week.[7] Persons "employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves"[8] are excepted from the overtime-pay requirement. Whether a person falls within the exception is governed the Secretary of Labor's regulations. The regulations provide the following:

> [T]he term companionship services shall mean those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services. They may also include the performance of general household work: Provided, however, That such work is incidental, i.e., does not exceed 20 percent of the total weekly

---

[6] Fed. R. Civ. P. 56(a).

[7] *See* 29 U.S.C. § 207; *Joseph G. Moretti v. Boogers*, 376 F.2d 27, 28 (5th Cir. 1967) ("[O]vertime for holidays, Saturdays, and Sundays are due only for that time in any particular week in which the employee actually worked more than forty hours.").

[8] 29 U.S.C. § 213(a)(15).

3

hours worked….[9]

Under this definition, general housework not directly related to Madsen would be subject to the 20% limit.

**The application of the companionship exception to Nelms**.  The parties agree that Nelms provided fellowship, care, and protection for Madsen and that Madsen was a person who, because of advanced age or physical or mental infirmity, could not care for her own needs.  They also agree Nelms provided household work related to Madsen's care such as meal preparation, bed making, washing of clothes, and similar services.  They disagree about whether such work exceeded 20 percent of Nelms's total hours worked.

Nelms contended the companionship exception does not apply to her former work because she performed general household work in excess of 20% of the total weekly hours she worked.  To support this position, she relied on her affidavit in which she attested to providing general household work exceeding 20% of the hours she worked.  She stated that her work included: (1) cleaning and maintaining Madsen's 2,500 square foot, two bedroom, two bath home, although Madsen used only her bedroom; (2) cleaning up after visiting numerous family members; (3) shopping and cooking for visiting family members; (4) cleaning up after Kramer's fifteen dogs;

---

[9] 29 CFR § 552.6.

4

(5) scheduling and supervising weekend care-givers; and (6) servicing Madsen's vehicles. Madsen also presented a week-by-week accounting of her work and a thank-you note from a family member referring to her various services. This evidence indicates Madsen performed general household work in excess of 20% of the total weekly hours she worked and thus established the inapplicability of the companionship exception. Madsen is entitled summary judgment on Kramer's defense unless Kramer raises a fact question about whether Madsen performed general household work in excess of 20% of the total weekly hours she worked.

In response, Kramer presented several affidavits from various family members. The affidavits contradicted Nelms's characterization of the percentage of her work performing general household work, as well as Nelms's description of the services she performed for Madsen. For example, Madsen's grand-daughter attested that: (1) she visited Madsen for extended periods of time; (2) during her visits, she observed Nelms occasionally clean part of Madsen's home; (3) Madsen told her that she would not clean the guestroom or guest bathroom; (4) Madsen's home was very dusty; (5) she refused to sleep in the main house because of dead bugs in the home; and (6) when she was unable to wash the bed-sheets before departing, Nelms instructed her to leave the sheets for Madsen's weekend care-giver. As another example, Kramer attested that: (1) Nelms told her that cleaning and general housework were not part of her contract; (2) areas of

5

the home Madsen did not use were dirty; (3) she cleaned up after her own dogs, although Nelms's dogs went potty in the yard; and (4) Nelms did her personal laundry while working. The affidavits raised a fact question about whether Madsen performed general household work in excess of 20% of the total weekly hours she worked because they contradict Nelms's characterization of her work and the percentage of time worked on general housework.

**Conclusion**. Because Kramer raised a fact question about whether Madsen performed general household work in excess of 20% of her total weekly hours, Nelms is not entitled to summary judgment on Kramer's affirmative defense. I deny the motion for summary judgment (docket entry # 21). Kramer's attorney is instructed about the importance of complying with the Local Rules.

**SIGNED** on August 31, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE